IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CEDAR VIEW, LTD., ) | |
| ) | Case No. 5:05-CV-00782 |
| Plaintiff, ) | |
| ) | Judge Ann Aldrich |
| v. ) | |
| ) | Magistrate Judge William H. Baughmann |
| TOM COLPETZER, d/b/a Xanadu Jersey ) | |
| Farm, et al., ) | |
| ) | |
| Defendants. ) | MEMORANDUM AND ORDER |
| ) | |

Before this Court are a number of motions: (1) defendant Tom Colpetzer's ("Colpetzer") motion to dismiss the breach of fiduciary duty and covenant of good faith of fair dealing claims [Docket No. 71]; (2) defendant Charles Moose's ("Moose") motion to dismiss the breach of fiduciary duty and covenant of good faith of fair dealing, concealment and rescission claims [Docket No. 40]; (3) Moose's motion to dismiss the fraud and concealment claims [Docket No. 55]; (4) defendants Jeffrey L. McKissick ("McKissick") and Apple Grove Veterinary Clinic's ("Apple Grove") motion for judgment on the pleadings for the fraud and concealment claims [Docket No. 69]; and (5) Colpetzer's motion to dismiss the fraud and concealment claims [Docket No. 56].[1]

For the following reasons, Colpetzer's motion to dismiss the breach of fiduciary duty and

---

[1] Two other motions pending before the court - Colpetzer's motion to dismiss [Docket No. 35] and McKissick and Apple Grove's motion for judgment on the pleadings [Docket No. 54] are denied as moot, as they refer to a version of the complaint that has since been replaced. Colpetzer's motion to dismiss [Docket No. 71] and McKissick and Apple Grove's motion for judgment on the pleadings [Docket No. 69] pose arguments with regard to the Second Amended Complaint raised by the earlier motions.

covenant of good faith of fair dealing claims [Docket No. 71] is granted, Moose's motion to dismiss the breach of fiduciary duty and covenant of good faith of fair dealing, concealment and rescission claims [Docket No. 40] is granted in part and denied in part; Moose's motion to dismiss the fraud and concealment claims [Docket No. 55] is denied; McKissick and Apple Grove's motion for judgment on the pleadings for the fraud and concealment claims [Docket No. 69] is granted in part and denied in part; and Colpetzer's motion to dismiss the fraud and concealment claims [Docket No. 56] is denied.

**I.    Background**

This is a diversity case in which plaintiff Cedar View Ltd. ("Cedar View"), an Ohio business, accuses defendants Colpetzer and Moose, Pennsylvania residents, of breach of contract, negligence, breach of fiduciary duty and covenant of good faith and fair dealing, fraud, and concealment and defendants McKissick, also a Pennsylvania resident, and Apple Grove, a Pennsylvania business, of fraud and concealment.  This action arises out of a contract between Cedar View and Colpetzer and Moose for the sale of a herd of cattle owned by Moose.  Pursuant to the contract, McKissick and Apple Grove were to perform testing upon the herd to ensure that the herd was healthy and free of infectious diseases.  Cedar View contends that it received a dairy herd that was diseased and contagious and that the disease was transmitted and communicated to the remaining cattle owned by Cedar View.

**II.   Discussion**

**A.    Standard of Review**

In analyzing a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts

in support of his claims that would entitle him to relief." *Andrews v. State of Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (quoting *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)). The weight of the evidence and the credibility of witnesses generally are not factors to be considered when resolving a motion to dismiss; rather, a court "should deny the motion unless it is clear that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (citations omitted).

### B. Choice of Law

Under the well-known *Erie* rule, when a federal court sits in diversity, the court "must apply the same substantive law that would be applied if the action had been brought in a state court of the jurisdiction in which the federal court is located." *Equitable Life Assur. Soc. of U.S. v. Poe*, 143 F.3d 1013, 1016 (6th Cir. 1998) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). The court notes at the outset that all parties have assumed that Ohio substantive law applies to both the contract and tort claims in this case.

Applying Ohio choice of law rules to this case, the court finds that Ohio law applies to both the contract and tort claims. The contract attached to Cedar View's complaint did not include an explicit choice of law, nor an explicit place of the making of the contract. Therefore, "in the absence of an effective choice of law by the parties, their rights and duties under the contract are determined by the law of the state that, with respect to that issue, has 'the most significant relationship to the transaction and the parties.'" *Ohayon v. Safeco Ins. Co. of Illinois*, 91 Ohio St.3d 474, 477, 747 N.E.2d 206, 209 (2001) (citation omitted). That relationship is determined by considering "the place of contracting, the place of negotiation, the place of performance, the location of the subject matter, and the domicile, residence, nationality, place of incorporation, and place of

business of the parties." *Id.* In this case, the court only has the place of performance (delivery of the herd to Cedar View in Ohio), location of the subject matter (the herd, now in Ohio), and the parties (plaintiff in Ohio, defendants in Pennsylvania). The court finds that Ohio law applies to the contract claims in this case.

For actions in tort, "a presumption is created that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit." *Morgan v. Biro Mfg. Co.*, 15 Ohio St.3d 339, 342, 474 N.E.2d 286, 289 (1984). Neither party has argued that Pennsylvania, or any other jurisdiction, has a more significant relationship to the lawsuit, and the "injury" occurred when the cattle allegedly infected Cedar View's existing herd in Ohio. Therefore, Ohio law also applies to the tort claims in this case. In determining questions of Ohio state law, the court must follow the controlling decisions of the Ohio Supreme Court. *Meridian Mut. Ins. Co. v. Kellman*, 197 F.3d 1178, 1181 (6th Cir.1999).

   **C.** **Cedar View's Claims Against Defendants**

   *1.* *Breach of Fiduciary Duty and Covenant of Good Faith and Fair Dealing against Colpetzer and Moose (Count V)*

   *a.* *Breach of Fiduciary Duty*

Under Ohio law, a fiduciary relationship is one in which "'special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust.'" *Anchor v. O'Toole*, 94 F.3d 1014, 1023 (6th Cir. 1996) (quoting *Cragget v. Adell Ins. Agency*, 92 Ohio App.3d 443, 451, 635 N.E.2d 1326, 1331 (1993)). A fiduciary duty may arise from a formal appointment or through an informal confidential relationship. *Id*. To establish a confidential relationship, plaintiff must prove that he came to rely on

and trust the other party in his important affairs. *Id.* The Ohio Supreme Court has held that a fiduciary duty arising from an informal relationship cannot be unilateral - both parties must understand that a special trust or confidence has been reposed. *Id.* at 1024. On the other hand, the Ohio Supreme Court has defined the term "arm's length sale" as characterized by the following elements: it is voluntary, i.e., without compulsion or duress; it generally takes place in an open market; and the parties act in their own self-interest. *Cobblestone Square Co., Ltd. v. Lorain Cty. Bd. of Revision*, 106 Ohio St.3d 305, 307, 835 N.E.2d 1, 3 (2005) (citation omitted).

The transaction in question, between Cedar View and Colpetzer and Moose, appears to meet the definition of an arm's length transaction as described above in that it was voluntary, took place in an open market and the parties were each acting in their own interest. Cedar View alleges that by representing themselves to be experts in the area of cattle care, cattle sale and knowledge of the overall health condition of the herd, Colpetzer and Moose created a special relationship of confidence and trust with Cedar View. Cedar View further alleges that by making these representations, Colpetzer and Moose created a fiduciary relationship and were aware of the fiduciary duty owed to Cedar View. Nowhere in the complaint does Cedar View claim that the creation of a fiduciary relationship between itself and Colpetzer and Moose was communicated and agreed upon. An assumption by one party that a fiduciary duty exists does not fulfill the Ohio Supreme Court's requirement that "both parties must understand that a special trust or confidence has been reposed." *Anchor*, 94 F.3d at 1024. Therefore, Colpetzer and Moose owe no fiduciary duty to Cedar View, and Cedar View cannot claim a breach of fiduciary duty.

### *b.     Breach of Covenant of Good Faith and Fair Dealing*

OHIO REV. CODE ANN. § 1301.09 imposes an obligation of good faith on the performance or enforcement of all contracts and duties. However, Ohio law does not indicate that the obligation of good faith should serve as the basis for a cause of action for failure to perform or enforce in good faith, and the court has been unable to find cases directly on point. However, the comment to Uniform Commercial Code § 1-304, upon which OHIO REV. CODE ANN. § 1301.09 is based, states that "the doctrine of good faith merely directs a court towards interpreting contracts within the commercial context in which they are created, performed, and enforced, and does not create a separate duty of fairness and reasonableness which can be independently breached." UCC § 1-304 cmt. 1; *see also Wells Fargo Bank, N.A. v. Citizens Bank of Texas, N.A.*, No. 10-04-00268-CV, 2005 WL 3148061 (Tex. App. Nov. 23, 2005) (citations omitted). The Ohio Supreme Court also has refused to recognize a separate tort cause of action for a breach of good faith in a contract. *Mers v. Dispatch Printing Co.*, 19 Ohio St.3d 100, 105, 483 N.E.2d 150, 155 (1985). Therefore, Cedar View has no separate claim for breach of the covenant of good faith and fair dealing, and its claim for breach of fiduciary duty and covenant of good faith and fair dealing will be dismissed.

### *2.     Fraud against Colpetzer, Moose, McKissick and Apple Grove (Count VI)*

The Sixth Circuit, in interpreting Ohio law, has determined that in order to establish a fraud claim, each of the following elements must be proved by clear and convincing evidence: (1) an actual or implied false representation concerning a fact or, where there is a duty to disclose, concealment of a fact; (2) the fact is material to the transaction; (3) knowledge of the falsity of the representation or such recklessness or utter disregard for its truthfulness that knowledge may be

-6-

inferred; (4) intent to induce reliance on the representation; (5) justifiable reliance; and (6) injury proximately caused by the reliance. *Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 459 n.7 (6th Cir. 2004) (citing *Davis v. Sun Ref. & Mktg. Co.*, 109 Ohio App.3d 42, 55, 671 N.E.2d 1049, 1058 (1996)).  Pursuant to Fed. R. Civ. P. 9(b), a party alleging fraud must plead the circumstances constituting fraud with particularity.  The Sixth Circuit has interpreted Rule 9(b) to require the plaintiff identify the "time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Yuhasz v. Brush Wellman*, *Inc.*, 341 F.3d 559, 563 (6th Cir. 2003) (citation omitted).

Cedar View claims in its complaint that at all times defendants, acting in concert, misrepresented that the dairy herd in question was properly treated, properly tested, was healthy and free of infection and communicable diseases and was suitable for sale and transport.  Cedar View further alleges that the fraudulent scheme of defendants was to intentionally and fraudulently perform tests that were limited in scope and inadequate to determine the present health of the dairy herd in question, thereby inducing Cedar View to accept delivery of the allegedly diseased dairy herd. Cedar View claims it was thereby injured by receiving a dairy herd that was diseased and contagious and that the disease was transmitted to the remaining cattle owned by Cedar View, resulting in a substantial loss of dairy productions and substantial veterinary expenses.

Cedar View just barely meets the particularity standard  required by FED. R. CIV. P. 9(b) and interpreted by the Sixth Circuit by pleading the time, place, content, scheme, intent and injury caused by defendants' alleged fraudulent behavior.  Defendants' motions to dismiss are therefore denied as to Cedar View's fraud claim.

> *3.    Concealment against Colpetzer, Moose, McKissick and Apple Grove (Count*

*VII)*

Ohio law requires that a plaintiff establish a duty to disclose if a concealment of fact is alleged as a basis for fraud. *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 475, 700 N.E.2d 859, 868 (1998). Ordinarily in business transactions where parties deal at arm's length, each party is presumed to have the opportunity to ascertain relevant facts available to others similarly situated, and therefore, neither party has a duty to disclose material information to the other. *Blon et al. v. Bank One*, 35 Ohio St.3d 98, 101, 519 N.E.2d 363, 367 (1988) (citations omitted). However, the Ohio Supreme Court has recognized that in certain circumstances, there exists a duty to speak. *Id.* (quoting *Miles v. McSwegin*, 58 Ohio St.2d 97, 100, 388 N.E.2d 1367, 1369 (1979)). A party to a business transaction in a fiduciary relationship with another is bound to make a full disclosure of material facts known to him but not to the other. *Id.* (quoting *Miles v. Perpetual S. & L. Co.*, 58 Ohio St.2d 93, 95, 388 N.E.2d 1364, 1365 (1979)). Such a duty may also arise out of an informal relationship where both parties to a transaction understand that a special trust or confidence has been reposed. *Id.* (quoting *Umbaugh Pole Bldg. Co. v. Scott*, 58 Ohio St.2d 282, 282, 390 N.E.2d 320, 321 (1979)). The Ohio Supreme Court further articulated the circumstances required under a claim for fraud based on a failure to disclose material information in *State v. Warner*, wherein it stated that "one who fails to disclose material information prior to the consummation of a transaction commits fraud only when he is under a duty to do so. And the duty to disclose arises when one party has information 'that the other party is entitled to know because of a fiduciary or other similar relation of trust and confidence between them.'" 55 Ohio St.3d 31, 54, 564 N.E.2d 18, 40 (1990) (quoting *Chiarella v. United States*, 445 U.S. 222, 228 (1980)).

In Count VII of its complaint, Cedar View claims that Colpetzer, Moose, McKissick

-8-

and Apple Grove, acting in concert, at all times concealed and/or failed to disclose the alleged diseased condition of the dairy herd and their symptoms of disease, including infectious disease. Cedar View also accuses defendants of concealing the history of the herd and the pre-existing condition of certain cattle.

Although neither Colpetzer nor Moose owed a fiduciary duty to Cedar View, according to OHIO REV. CODE ANN. § 1302.29(4)(b), with respect to the sale of livestock between merchants, there is a statutory implied warranty that the seller has no knowledge or reason to know that the animal is not free from disease at the time of sale and that he has complied with all state and federal health rules applicable to the animal. This implied warranty may serve to create a "relationship of trust and confidence" between the sellers, Colpetzer and Moose and the buyer, Cedar View that gives rise to a duty to disclose. McKissick and Apple Grove are under no such duty, and owe no fiduciary duty to Cedar View. Therefore, the concealment claim of Cedar View's complaint is dismissed as against McKissick and Apple Grove, but remains against Colpetzer and Moose.

*4. Rescission Against Colpetzer and Moose (Count VIII)*

The official comment to OHIO REV. CODE ANN. § 1302.66, dealing with revocation of acceptance, states that the remedy under this section is now referred to as "revocation of acceptance" instead of "rescission." OHIO REV. CODE ANN. § 1302.66, cmt. 1. The Ohio Supreme Court has stated that a "revocation of acceptance" is neither a cause of action nor a court-ordered remedy but a buyer's self-help remedy. *Aluminum Line Products Co. v. Rolls-Royce Motors, Inc.*, 66 Ohio St.3d

539, 541, 613 N.E.2d 990, 991-92 (1993).  The court also stated that "the cancellation of a sales contract is a *remedy* for a buyer who has justifiably revoked acceptance.  *Id.* at 543, 613 N.E.2d at 993 (emphasis in original).  Therefore, because rescission is not a cause of action separate from breach of contract, the motion to dismiss Count VIII of Cedar View's complaint filed on behalf of defendant Moose is granted.

### III.  Conclusion

For the foregoing reasons, Colpetzer's motion to dismiss the breach of fiduciary duty and covenant of good faith of fair dealing claims [Docket No. 71] is granted, Moose's motion to dismiss the breach of fiduciary duty and covenant of good faith of fair dealing, concealment and rescission claims [Docket No. 40] is granted in part and denied in part; Moose's motion to dismiss the fraud and concealment claims [Docket No. 55] is denied; McKissick and Apple Grove's motion for judgment on the pleadings for the fraud and concealment claims [Docket No. 69] is granted in part and denied in part; and Colpetzer's motion to dismiss the fraud and concealment claims [Docket No. 56] is denied.  Colpetzer's earlier motion to dismiss [Docket No. 35] and McKissick and Apple Grove's earlier motion for judgment on the pleadings [Docket No. 54] are denied as moot, as they refer to a version of the complaint that has since been replaced and as Colpetzer's motion to dismiss [Docket No. 71] and McKissick and Apple Grove's motion for judgment on the pleadings [Docket No. 69] pose the arguments with regard to the Second Amended Complaint raised by the earlier motions.  Count V, the breach of fiduciary duty and covenant of good faith and fair dealing claim, is dismissed against both Colpetzer and Moose.  Count VI, the fraud claim, is not dismissed and remains active as against Colpetzer, Moose, McKissick and Apple Grove.  Count VII, the concealment claim, is dismissed as against McKissick and Apple Grove but remains active as against Colpetzer and Moose.  Count VIII,

the rescission claim, is dismissed as against Moose but remains active as against Colpetzer. However, Colpetzer may move for dismissal of Count VIII on the same grounds as Moose's motion. Counts III and IV remain active as against Colpetzer and Moose. The parties are reminded of the following dates: Discovery Cutoff: 3/31/06; Dispositive Motion deadline 5-1-06; Trial 7-31-06 at 9:00 a.m. Any requests for an extension of these dates must be made by motion.

        This order is not final and appealable.

        IT IS SO ORDERED.

                                            s/Ann Aldrich
                                            ANN ALDRICH
                                            UNITED STATES DISTRICT JUDGE

**Dated: February 24, 2006**