IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CEDAR VIEW, LTD., ) | |
| ) | Case No. 5:05-CV-00782 |
| Plaintiff, ) | |
| ) | Judge Ann Aldrich |
| v. ) | |
| ) | Magistrate Judge William H. Baughmann |
| TOM COLPETZER, d/b/a Xanadu Jersey ) | |
| Farm, et al., ) | |
| ) | |
| Defendants. ) | MEMORANDUM AND ORDER |
| ) | |

Before this Court are a number of motions: (1) defendant Tom Colpetzer's ("Colpetzer") motion to dismiss the counterclaims and cross-claims of third-party defendants Charles Cutter and Elizabeth Cutter (the "Cutters") [Docket No. 83]; (2) defendant Charles Moose's ("Moose") motion to dismiss the counterclaims and cross-claims of the Cutters [Docket No. 89]; (3) defendants Jeffrey L. McKissick ("McKissick") and Apple Grove Veterinary Clinic's ("Apple Grove") motion for judgment on the pleadings regarding the Cutters' cross-claim for concealment [Docket No. 91]; (4) Moose's motion to strike the Cutters' sur-reply brief [Docket No. 111]; (5) Moose's motion to consolidate this case with *Cedar View, Ltd., et al. v. Colpetzer, et al.*, 5:06-CV-01367, an action by the plaintiff in this case, Cedar View Ltd. ("Cedar View") against Colpetzer and Moose recently transferred to this court [Docket No. 132]; (6) Colpetzer's motion to extend deadlines [Docket No. 135]; and (7) Moose's motion to continue the trial date [Docket No. 145].

For the following reasons, the court grants Colpetzer and Moose's motions to dismiss and dismisses the Cutters' counterclaims/cross-claims in their entirety. McKissick and Apple Grove's

motion for judgment on the pleadings and Moose's motions to strike and continue the trial date are denied as moot. The court denies the motion for consolidation without prejudice at this time, with leave to re-file after summary judgment motions have been resolved in both this case and the related case, 5:06-CV-01367. Finally, the court grants Colpetzer's motion to extend deadlines in part.

## I.     Background

This action arises out of contract between Cedar View and Colpetzer and Moose for the sale of a herd of cattle owned by Moose, which was added to the herd already owned by Cedar View. Pursuant to that contract, McKissick and Apple Grove were to perform testing of the herd to ensure that the cattle were healthy and free of infectious diseases. Cedar View is owned, at least in part, by the Cutters. Colpetzer and Moose filed a third-party complaint against the Cutters [Docket No. 65], asserting that any damage to Cedar View's cattle was caused by the Cutters' negligence. The Cutters answered this complaint and pressed counterclaims and cross-claims against Colpetzer, Moose, McKissick and Apple Grove for negligence, fraud and concealment [Docket No. 81].[1] Colpetzer, Moose, McKissick and Apple Grove then filed the instant motions seeking dismissal of some or all of the Cutters' counterclaims and cross-claims.

In June 2006, Colpetzer and Moose removed an action from the Wayne County Court of Common Pleas filed by Cedar View seeking damages for injuries to the Cutters personally arising out of the sale of the herd of cattle by Colpetzer and Moose to Cedar View. This action, 5:06-CV-01367, was originally assigned to Judge John Adams, but was reassigned to this court as a related matter.

---

[1] Notably, the allegations supporting the Cutters' claims for negligence, fraud and concealment are nearly identical to the allegations supporting Cedar View's claims for negligence, fraud and concealment in the second amended complaint [Docket No. 61].

## II. Discussion

### A. The Cutters' Claims

In analyzing a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Andrews v. State of Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (quoting *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)).  The weight of the evidence and the credibility of witnesses generally are not factors to be considered when resolving a motion to dismiss; rather, a court "should deny the motion unless it is clear that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief."  *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (citations omitted).

Under Ohio law, "only a corporation and not its shareholders can complain of an injury sustained by, or a wrong done to, the corporation."  *Adair v. Wozniak*, 23 Ohio St.3d 174, 176, 492 N.E.2d 426, 428 (1986).  However, individuals may maintain actions "where the wrongful acts are not only against the corporation but are also violations of a duty arising from contract or otherwise owed directly by the wrongdoer to the shareholder" and where "the pleadings state injury to the plaintiff . . . as distinguished from an injury which indirectly affects the shareholders or affects them as a whole."  *Id.*  In this case, the Cutters have not alleged that they own cattle separate and apart from cattle owned by Cedar View, and that said cattle were harmed by the actions of Colpetzer, Moose, McKissick and Apple Grove.  More importantly, the transaction allegedly forming the basis of the negligence, fraud and concealment was between Cedar View and the defendants.  The Cutters, in their individual capacities, were not involved in the transaction; their only involvement was

through Cedar View.

Because Colpetzer, Moose, McKissick and Apple Grove did not deal with the Cutters "in their individual capacities or reasonably expect[] the [Cutters] to use personal funds or incur personal liability," the Cutters have no individual claim for damages as their injuries are not "separate and distinct." *Hershman's, Inc. v. Sachs-Dolmar Div.*, 89 Ohio App.3d 74, 77-78, 623 N.E.2d 617, 619 (1993) (citation omitted). As the Cutters have not alleged either damage or a relationship with the defendants separate from Cedar View, their "rights are merely derivative" and "may only be asserted through the corporation" as they are being asserted already in this action. *Hunter v. City of Cleveland*, 56 Ohio App.3d 33, 34-35, 564 N.E.2d 718, 720 (1988). Therefore, the court grants Colpetzer and Moose's motion [Docket Nos. 83, 89]. The Cutters' counterclaims/cross-claims are dismissed in their entirety as against all parties, as they are both derivative and duplicative of the claims already being asserted by Cedar View.[2]

### B. Case Management

Moose's motion to consolidate [Docket No. 132] was filed before the related case, 5:06-CV-01367, was transferred to this court from Judge Adams. However, because discovery in the instant case has not yet been completed and summary judgment motions have not yet been filed, and because the case management conference for the related case has not yet taken place, consolidating these cases at this point in time would be premature. Therefore, the court denies the motion to consolidate without prejudice, with leave to re-file the motion once summary judgment motions in

---

[2] McKissick and Apple Grove's motion for judgment on the pleadings [Docket No. 91], which concerned only the concealment counterclaim/cross-claim, is therefore moot, because the court is dismissing all of the Cutters' counterclaims/cross-claims as a matter of law. Alternatively, the court would grant McKissick and Apple Grove's motion and dismiss the concealment claims against them for the reasons stated in the court's Memorandum and Order of February 24, 2006. Also, because the court is resolving the matter without reference to the sur-reply, Moose's motion to strike [Docket No. 111] is also moot.

both this case and the related case have been resolved.

As the court has vacated the August 21, 2006 trial date [Docket No. 147], Moose's motion for a continuance of trial [Docket No. 145] is moot. Also, although Magistrate Judge Baughman has resolved the dispute over Colpetzer's deposition expeditiously and expertly, some remaining discovery, including expert depositions, appears necessary. Therefore, the court grants Colpetzer's motion to extend deadlines [Docket No. 135] in part, vacates the current dispositive motion deadline of August 3, 2006, and resets the deadline for discovery in this case to August 7, 2006. At the case management conference for the related action, 5:06-CV-01367, scheduled for August 4, 2006, the parties should inform the court of (1) what additional discovery will be necessary, if any, (2) how much time any such additional discovery would require, (3) a proposed dispositive motion deadline, and (4) a proposed trial date. Both the proposed dispositive motion deadline and trial date should allow for potential consolidation of this case with the related case, 5:06-CV-01367, after summary judgment motions in both cases have been resolved.

### III. Conclusion

For the foregoing reasons, the court grants Colpetzer and Moose's motions to dismiss [Docket Nos. 83, 89] and dismisses the Cutters' counterclaims/cross-claims in their entirety. McKissick and Apple Grove's motion for judgment on the pleadings [Docket No. 91], and Moose's motion to strike [Docket No. 111] and for continuance of trial [Docket No. 145] are denied as moot. The court denies the motion for consolidation [Docket No. 132] without prejudice at this time, with leave to re-file after summary judgment motions have been resolved in both this case and the related case, 5:06-CV-01367. Finally, the court grants Colpetzer's motion to extend deadlines [Docket No. 135] in part, vacates the current dispositive motion deadline, resets the discovery deadline to August 7, 2006, and directs the

parties to suggest new discovery and dispositive motion deadlines as discussed above, as well as a new trial date, at the case management conference for the related case, scheduled for August 4, 2006, at 10:00 a.m. Counsel for all parties in this case must be present at the case management conference, while the parties themselves may but need not attend.

This order is not final and appealable.

IT IS SO ORDERED.

                                                  /s/Ann Aldrich
                                             ANN ALDRICH
                                             UNITED STATES DISTRICT JUDGE

**Dated: July 11, 2006**